IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES DEAN NORRIS, ) | |
| Petitioner, ) | |
| ) | Civil Action No. 07-1581 |
| vs. ) | Chief Judge Donetta W. Ambrose |
| ) | Magistrate Judge Lisa Pupo Lenihan |
| RAYMOND M. LAWLER; Superintendent; ) | |
| THE DISTRICT ATTORNEY OF THE COUNTY ) | |
| OF MERCER and THE ATTORNEY ) | |
| GENERAL OF THE COMMONWEALTH OF ) | |
| PENNSYLVANIA, ) | |
| Respondents. ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### **I. RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

### **II. REPORT**

Petitioner, Charles Dean Norris, a state prisoner incarcerated at the State Correctional Institution at Huntingdon, Pennsylvania, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition should be denied.

#### **A. Relevant Procedural History**

The record evidence reveals the following.[1] On September 20, 2002, the victim, Crystal Bailey, was at the home of a friend in Sharon, Pennsylvania, cooking fried chicken. Petitioner walked into the residence and started arguing with the victim. Petitioner then punched

---

1. See PCRA Adjudication: Findings of Facts (doc. no. 11-19) and PCRA Opinion (doc. no. 11-21). The Superior Court essentially adopted the findings and conclusions of the PCRA Court, see doc. no. 11-24.

Bailey in the mouth. She tried to fight back but was thrown to the floor. As she was getting up, Petitioner threw the hot chicken grease at her, which caused second and third degree burns.

On or about October 1, 2002, Petitioner was arrested and charged with Aggravated Assault, Simple Assault, Recklessly Endangering Another Person and Intimidation of a Witness, which arose from the fact that the victim was a witness against Petitioner for a previous assault. The Public Defender's Office was appointed to represent Petitioner in his criminal trial. Assistant Public Defender Dana Flick handled the preliminary hearing and Assistant Public Defender Lowell Williams was assigned to represent Petitioner during trial. Attorney Lowell was representing Petitioner in several other criminal matters at the time. Upon his assignment, Attorney Williams reviewed the police reports and intake notes prepared by the public attorney's investigator who had met with Petitioner regarding the case; he also spoke with Attorney Flick. Attorney Williams and Petitioner met on January 15, 2003 and discussed defenses, trial strategy, potential witnesses and whether or not Petitioner would be testifying.

At a pre-trial conference on January 15, 2003, Attorney Williams moved for a continuance on behalf of Petitioner who claimed he was not ready for trial. Petitioner's complaint was that his case was being called before an older case. Petitioner did not provide any reasons to support his contention that he was not ready for trial. When questioned by the Court, Attorney Williams stated that he was ready for trial and that he needed to subpoena two witnesses with respect to the witness intimidation charge. The District Attorney then withdrew that charge and the Court denied Petitioner's motion for a continuance.

Also at the pre-trial conference, Attorney Williams moved to exclude photographs of the victim showing the injuries resulting from the burns. Attorney Williams also moved to

2

exclude evidence of another matter Petitioner was charged with. The Trial Court denied both motions.

During the trial, the victim testified that Petitioner threw boiling hot oil on her causing second and three degree burns on her chest. During cross examination, defense counsel tried to establish that there was a romantic relationship between Petitioner and the victim and the argument was about the deterioration of that relationship. The victim responded that was not the case; the argument was about Petitioner wanting to pay the victim not to testify against him in another criminal action pending at the time. Petitioner moved for a mistrial on the basis of this testimony. The Court overruled the motion and cautioned the jury not to use it against Petitioner.

Petitioner testified at trial that the oil spilled accidentally on the victim during an altercation caused by her. He further testified regarding a letter he received from Miss Bailey wherein she apologized for what she had done, and indicated: "You never done anything to deserve the way I have treated you, and I am sorry, and I do miss you a lot more than I ever thought I would, and I am really sorry for the way shit ended up." In response to that letter, the Commonwealth called the victim who testified she had written that letter a year or two earlier in response to a letter Petitioner had written her. The Court overruled objections to the admission of this letter on the basis it was an explanation of the letter Petitioner had introduced.

On January 17, 2003, in the Court of Common Pleas of Mercer County, Pennsylvania, Petitioner was convicted of Aggravated Assault, Simple Assault and Recklessly Endangering Another Person. On March 6, 2003, Petitioner was sentenced to an aggregate term of imprisonment of from ten years and nine months to twenty-two years. Petitioner filed a timely notice of appeal and on April 7, 2004, the Superior Court of Pennsylvania affirmed his judgment of

sentence. (Commw. Ex. L, doc. no. 11-13). Petitioner did not file a timely Petition for Allowance of Appeal to the Supreme Court of Pennsylvania.

On March 21, 2005, Petitioner filed a *pro se* petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9542. Counsel was appointed, two amended PCRA petitions were filed and a PCRA hearing was held. On December 20, 2005, the PCRA Court denied Petitioner's PCRA Petition. (Commw. Ex. R, doc. no. 11-19). Petitioner filed a timely Notice of Appeal and on September 29, 2006, the Superior Court of Pennsylvania affirmed the Trial Court's determination denying Petitioner PCRA relief (Commw. Ex. X, doc. no. 11-24, pp. 38-41). On March 6, 2007, the Supreme Court of Pennsylvania denied Petitioner's Petition for Allowance of Appeal. (Commw. Ex. Y, doc. no. 11-25).

Having completed his collateral attack in the state courts, Petitioner filed with this court a petition for writ of habeas corpus pursuant to 28 U.S.C.§ 2254. He raises the same claims of ineffective assistance that he raised before the Superior Court during the PCRA proceeding.

### B. Standard of Review

In describing the role of federal habeas proceedings, the Supreme Court of the United States, in Barefoot v. Estelle, 463 U.S. 880, 887 (1983), noted:

> [I]t must be remembered that direct appeal is the primary avenue for review of a conviction or sentence.... The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is secondary and limited. Federal courts are not forums in which to relitigate state trials.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996, (AEDPA), which further "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas

4

'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

Amended Section 2254 of the federal habeas corpus statute provides the standard of review for federal court review of state court criminal determinations and provides, in relevant part, as follows:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C.§ 2254(d).

"A state-court decision is 'contrary to' clearly established federal law if the state court (1) 'contradicts the governing law set forth in [the Supreme] Court's cases' or (2) 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a [different] result.'" Lambert v. Blackwell, 387 F.3d 210, 234 (3d Cir.2004) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). Few state court decisions will be "contrary to" Supreme Court precedent.

The federal habeas court more often must determine whether the state court adjudication was an "unreasonable application" of Supreme Court precedent. "A state-court decision 'involve[s] an unreasonable application' of clearly established federal law if the state court

(1) 'identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular … case'; or (2) 'unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" *Id*. (quoting Williams, 529 U.S. at 407).

Moreover, a federal court must accord a presumption of correctness to a state court's factual findings, which a petitioner can rebut only by clear and convincing evidence. 28 U.S.C. § 2254(e). Where a state court's factual findings are not made explicit, a federal court's "duty is to begin with the [state] court's legal conclusion and reason backward to the factual premises that, as a matter of reason and logic, must have undergirded it." Campbell v. Vaughn, 209 F.3d 280, 289 (3d Cir. 2000). In determining what implicit factual findings a state court made in reaching a conclusion, a federal court must infer that the state court applied federal law correctly. *Id*. (citing Marshall v. Lonberger, 459 U.S. 422, 433 (1982)). Where the state court fails to adjudicate or address the merits of a petitioner's claims, the federal habeas court must conduct a *de novo* review over pure legal questions and mixed questions of law and fact. Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001).

### C. Ineffective Assistance of Counsel

All of Petitioner's claims assert ineffectiveness of trial counsel and appellate counsel. The Sixth Amendment right to counsel exists "in order to protect the fundamental right to a fair trial." Lockhart v. Fretwell, 506 U.S. 364, 368 (1993) (*quoting* Strickland v. Washington, 466 U.S. 668, 684 (1984)). *See also* Kimmelman v. Morrison, 477 U.S. 365, 374 (1986) (the essence of a claim alleging ineffective assistance is whether counsel's unprofessional errors so upset the

6

adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect).

The Supreme Court has formulated a two-part test for determining whether counsel rendered constitutionally ineffective assistance: 1) counsel's performance was unreasonable; and 2) counsel's unreasonable performance actually prejudiced the defense. Strickland, 466 U.S. at 687. The first prong of the Strickland test requires a defendant to establish that his attorney's representation fell below an objective standard of reasonableness by committing errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 688. The second prong requires a defendant to demonstrate that counsel's errors deprived him of a fair trial and the result was unfair or unreliable. Strickland, 466 U.S. at 689. A defendant is not entitled to relief unless he makes both showings. *Id*. at 687. The Strickland standard applies equally to appellate counsel. Smith v Robbins, 528 U.S. 259, 285 (2002).

In analyzing Petitioner's claims under the two-part test announced in Strickland, this Court must apply the standards set forth in section 2254(e) concerning the presumption of correctness applicable to state court factual findings. The question of effectiveness of counsel under Strickland is a mixed question of law and fact; it requires the application of a legal standard to the historical, fact determinations. Berryman, 100 F.3d at 1095. In this regard, a state court's finding that counsel had a trial strategy is a finding of fact to which the presumption applies. *Id*. Likewise, a state court's determination that a decision was a tactical one is a question of fact. *Id*.

1. Failure to Properly Prepare for Trial

Petitioner's first claim is that trial counsel rendered ineffective assistance by failing to adequately prepare for trial. The PCRA Court denied Petitioner relief on this claim for failing to

7

set forth any specific instances or proof of lack of preparation. Specifically, the Court noted that trial counsel had reviewed the police notes and notes of the public defender's investigator who previously had met with Petitioner, met with the assistant public defender who represented Petitioner at the preliminary hearing, spoke with Petitioner before trial and indicated to the Court that he was ready for trial. Most importantly, the Court found that, although Petitioner repeatedly asserted that he did not understand and was not ready to go to trial, he failed to provide any explanation of how he was not prepared, how it would have made a difference, or what should have been done or was not done because he was unprepared. These factual findings are clearly supported by the record and Petitioner has failed to produce any evidence whatsoever to dispute them.

Petitioner has the burden of setting forth sufficient facts to support each claim. Moreover, Rule 2(c) of the Rules Governing Habeas Corpus Cases, 28 U.S.C. § 2254, expressly provides, in part, that the petitioner "shall set forth in summary form the facts supporting each of the grounds" specified in the petition. The Court of Appeals for the Third Circuit specifically has held that "[a habeas petitioner] cannot meet his burden to show that counsel made errors so serious that his representation fell below an objective standard of reasonableness based on vague and conclusory allegations that some unspecified and speculative testimony might have established his defense. Rather, he must set forth facts to support his contention." Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 (3d Cir.), *cert. denied*, 502 U.S. 902 (1991) (citing Mayberry v. Petsock, 821 F.2d 179, 187 (3d Cir.) (petitioner's vague and general allegations and supporting materials fail to make sufficient showing to justify relief), *cert. denied*, 484 U.S. 946 (1987)). The Court of Appeals further found that the petitioner was not entitled to a hearing on the question of whether such testimony was

available based on his bald assertions and conclusory allegations. Zettlemoyer, 923 F.2d at 298, n. 12.

A petitioner's "[b]ald assertion that counsel should have conducted more thorough pretrial investigation fails to overcome the presumption that counsel acted reasonably." Matura v. United States, 875 F. Supp. 235, 237 (S.D.N.Y. 1995) (citing Strickland, 466 U.S. at 639). Attorneys have wide discretion in deciding how they will investigate a case. *Id*. Counsel has a duty only "to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. As a general matter, the decision not to explore certain aspects is questioned only when counsel fails to conduct any pretrial investigation. United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989) (citing cases).

In the instant action, Petitioner has failed to demonstrate that his trial attorney's investigation fell below "the wide range of reasonable professional assistance." Strickland, 466 U.S. at 688. More importantly, he has failed to show that the Pennsylvania Courts' determination in this regard is contrary to or an unreasonable application of Supreme Court law. Consequently, he has not demonstrated that he is entitled to relief on this claim.

2. Failure to Appeal Denial of Motion for Continuance

Petitioner's second claim is that his trial and appellate counsel rendered ineffective assistance for failing to raise on direct appeal the trial court's denial of his motion for continuance. After reviewing the relevant Pennsylvania law, the PCRA Court determined this claim as follows.

> The only reason given by the defendant why he needed the continuance was that he wanted his other two cases tried first. He has presented no evidence to show the denial of the continuance had any adverse effect on his defense. Hence, there is no arguable merit to defendant's claim this Court abused its discretion in denying defendant's request for continuance.

9

PCRA Opinion (doc. no. 11-21, p. 7).

Thus, the PCRA Court concluded that Petitioner's underlying claim was without merit. Implicit in this holding is the determination that counsel's decision not to raise the denial of the continuance on appeal was reasonable under the first prong of the Strickland test. Moreover, Petitioner has failed to demonstrate that the failure to appeal the issue of the trial court's denial of his motion for continuance resulted in prejudice under the Strickland standard. Finally, Petitioner has failed to show that the Pennsylvania Courts' denial of this claim is contrary to or an unreasonable application of Supreme Court law. Consequently, he has not demonstrated that he is entitled to relief on this claim.

    3.    <u>Failure to Appeal Denial of Motion to Exclude Photographs</u>

In his third claim, Petitioner argues ineffective assistance of trial and appellate counsel for failing to appeal the trial court's denial of his Motion in Limine to exclude photographs of the victim's injuries. Petitioner asserts that, because the victim testified to the nature of her injuries and the defense stipulated to the nature of the injuries, the photographs were inadmissible and prejudicial.

First, while defense counsel was willing to stipulate to the seriousness of the injury, the Commonwealth was not so inclined. As noted by the PCRA Court, the Commonwealth is not required to accept the stipulation. The PCRA Court held that the photographs were necessary to establish the element of "serious bodily injury" for the Aggravated Assault charge and provided a cautionary instruction to the jury regarding the photographs (doc. no. 11-21, p. 8).

Again the PCRA Court concluded that Petitioner's underlying claim was without merit. Implicit in this holding is the determination that counsel's decision not to raise the denial of

the motion in limine to exclude the photographs was reasonable under the first prong of the Strickland test. More importantly, Petitioner has failed to show that the Pennsylvania Courts' determination in this regard is contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court. Nor has he shown that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Consequently, Petitioner has not demonstrated that he is entitled to relief on this claim.

    4.    <u>Failure to Appeal Denial of Request for Mistrial</u>

In his fourth claim, Petitioner argues that defense counsel was ineffective for failing to appeal the trial court's denial of his request for a mistrial following the victim's reference to Petitioner's other criminal case. In this regard, during the cross-examination of the victim, defense counsel attempted to establish that Petitioner and the victim were romantically involved and that the deterioration of this relationship caused the argument. In response to this questioning, the victim stated that the argument arose because Petitioner wanted to pay her for not testifying in his other criminal trial, which was pending at the time of trial. The trial court denied counsel's request for a mistrial and issued a cautionary instruction to the jury.

The PCRA Court determined that this issue was not meritorious because the statement by the victim was responsive to defense counsel's question, the witness was entitled to explain her answer where the question posed by defense counsel could not accurately be answered without including a statement of fact as explanation, and the cautionary instruction was sufficient to cure any unfair prejudice (doc. no. 11-21, p. 9).

As the PCRA Court concluded that Petitioner's underlying claim was without merit, counsel's decision not to raise this issue on appeal is deemed reasonable under Strickland. Petitioner has failed to show that the Pennsylvania Courts' determination in this regard is contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court. Nor has he shown that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Consequently, Petitioner has not demonstrated that he is entitled to relief on this claim.

     5.     <u>Failure to Appeal Admission of Petitioner's Letter</u>

In his fifth claim, Petitioner argues that defense counsel rendered ineffective assistance for failing to appeal the trial courts' admission of the letter he wrote to the victim. The Commonwealth introduced the letter during the victim's rebuttal testimony in response to a letter Petitioner had introduced during his testimony. Petitioner claimed that he received the letter from the victim in 2002, after the hot oil incident. The letter contained the following passages, which were read to the jury:

> To answer your questions, you never done anything to deserve the way I have treated you, and I am sorry, and I do miss you a lot more than I ever thought I would, and I am really sorry for the way shit ended up.
>
> I have a fucked up life and I didn't feel at the time that you could help me with your fuck-up life. Maybe I was wrong, but I know it's too late and really mif, I am sorry! It seemed like when I weighed my odds and options that I loose [sic] out on one true mother fucker that cared about me, but I can't continue to cry over the bullshit, because that's what got me like this in the first place.
>
> I am sorry, and I hope and pray you can go – you can go on with your life. You do have some good qualities, and you will be someone's good man. I am sorry I wasn't really – I wasn't ready for

> you, and I hope you can forgive me and not hate me. I am sorry we lasted – we lost our friendship. I don't know what else to say.
>
> Well, about the shit those bitches tried to bang me out. Yeah, that shit did go down, but those bitches didn't do shit, you know, Cristal goes hard as hell (smile) that's why those bitches -- those ho's tried to jump me.

PCRA Opinion, doc. no. 11-21, pp. 11-12.

The victim testified on rebuttal that she wrote the letter in January of 2002, nine months before the incident took place, in response to a letter Petitioner had sent to her from jail. She read the following portion of that letter to the jury.

> Now you think I am a woman beater, when all reality I never in my life done no shit like that until I started messing with you, and I am not blaming you, what I am saying is I was taking out my stress and anger that you cause on other people instead of your ass because I loved you too much, to put my hands on you, so I do thank you for having me put in jail because I would have kept doing it, and not only to women, but a lot of nigga's was gonna get it too.

PCRA Opinion, doc. no. 11-21, p. 12.

The PCRA Court held that there was no error in admitting the letter because it was proper rebuttal evidence to Petitioner's contention that the victim had written to him after the incident apologizing for bringing criminal charges against him, the contents were necessary to establish that the victim's letter was written in response to Petitioner's letter, and the trial court gave a cautionary instruction (doc. no. 11-21, p. 13). As the PCRA Court concluded that Petitioner's underlying claim was without merit, counsel's decision not to raise this issue on appeal is deemed reasonable under <u>Strickland</u>. Petitioner has failed to show that the Pennsylvania Courts' determination in this regard is contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court. Nor has he shown that the decision

13

was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Consequently, Petitioner has not demonstrated that he is entitled to relief on this claim.

      6.     <u>Failure to Appeal Admission of Testimony of Prior bad Acts</u>

In his final claim, Petitioner argues that counsel rendered ineffective assistance in failing to appeal the admission of testimony of Petitioner's prior bad acts. Specifically, Petitioner asserts that the victim should not have been allowed to testify that Petitioner had been arrested for hitting one of her friends in the head with a glass. The PCRA court concluded that the testimony was admitted to show what Petitioner was referring to in his letter to the victim and why she responded to him as she did in her letter.

> . . . Those facts were necessary to help the jury determine whether or not Bailey's letter was written in response to defendant's. Those facts put the letters into context. Without it, the jury would have been forced to guess what had happened.

PCRA Opinion (doc. no. 11-21, p. 14).

Again, the PCRA Court concluded that Petitioner's underlying claim was without merit; thus, counsel's decision not to raise this issue on appeal is deemed reasonable under <u>Strickland</u>. Petitioner has failed to show that the Pennsylvania Courts' determination in this regard is contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court. Nor has he shown that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Consequently, Petitioner has not demonstrated that he is entitled to relief on this claim.

### D. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). Here, the record fails to show a violation of Petitioner's constitutional rights. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

Based on the discussion above, it is respectfully recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Lisa Pupo Lenihan
United States Magistrate Judge

Dated: November 26, 2008

cc: The Honorable Donetta W. Ambrose
United States District Judge, Chief

Charles Dean Norris, FG-9075
SCI Huntingdon

1100 Pike Street
Huntingdon, PA 26654-1112